UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADRIAN C. KING,

        Plaintiff,                    Case Number: 2:07-CV-11222

v.                                    HON. BERNARD A. FRIEDMAN

TIMOTHY M. KENNY,

        Defendant.
_____/

## ORDER OF SUMMARY DISMISSAL

      Plaintiff Adrian C. King is a state inmate at Carson City Correctional Facility in Carson City, Michigan. Plaintiff has filed a *pro se* civil rights complaint alleging that he is being falsely imprisoned because the judge who oversaw his state court conviction failed to act impartially. He is proceeding without prepayment of the filing fee in this action under 28 U.S.C. § 1915(a)(1). After careful consideration, the Court dismisses Plaintiff's complaint, pursuant to 28 U.S.C. § 1915(e)(2),[1] because Plaintiff fails to state a claim upon which relief may be granted.

      In his complaint, Plaintiff states that defendant Judge Timothy Kenny presided over a bench trial and found Plaintiff guilty of assault with intent to commit murder, felon in possession of a firearm, discharge of a firearm toward a building, and felony firearm. Plaintiff claims that,

---

[1] 28 U.S.C. § 1915(e)(2) provides, in pertinent part:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
> . . .
> (B) the action or appeal –
> . . .
> (ii) fails to state a claim upon which relief may be granted . . .

in reaching this verdict, defendant Kenny failed to act impartially, and violated Plaintiff's rights under the Due Process and Equal Protection Clauses.

A judgment in favor of Plaintiff on the claims contained in his complaint would necessarily imply the invalidity of his continued confinement. In Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), the Supreme Court held such claims to be improper under 42 U.S.C. § 1983:

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id. at 486-87.  A petition for a writ of habeas corpus provides the appropriate vehicle for challenging the fact or duration of a prisoner's confinement.  Preiser v. Rodriguez, 411 U.S. 475, 486-87 (1973).  Thus, if Plaintiff wishes to assert the claims contained in the pending complaint, he must do so by filing a habeas corpus petition under 28 U.S.C. § 2254.  The Court declines to construe Plaintiff's complaint as a habeas corpus petition because he does not allege that his claims are exhausted.  See Parker v. Phillips, 27 Fed. Appx. 491, 494 (6th Cir. 2001).  Further, the Court declines to construe the complaint as a habeas corpus petition because Plaintiff may want to assert additional or different claims for relief in a habeas corpus petition than those contained in the complaint.

For the foregoing reasons, **IT IS ORDERED** that the complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2), for failure to state a claim upon which relief may be granted.

   s/Bernard A. Friedman
BERNARD A. FRIEDMAN
CHIEF UNITED STATES DISTRICT JUDGE

DATED: March 27, 2007